UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    CASE NO. 3:10-cr-00073-J-32JBT

CHARLES MARVIN WATKINS,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Unopposed Motion to Request Funds for Expert Services ("Motion") (Doc. 66), which was referred to the undersigned Magistrate Judge on February 16, 2011.  The Court held a hearing on the Motion on February 23, 2011.

In the Motion, Defendant seeks permission from the Court "to retain a forensic expert to conduct an examination of said computer(s)." (*Id.* at 1.) The Motion does not indicate the expected cost of the examination. (*See id.* at 1-2.) However, during the hearing Defense counsel advised the Court that the fees would be approximately $10,000.00 prior to trial.

Pursuant to 18 U.S.C. § 3006A(e)(1):

Counsel for a person who is financially unable to obtain . . . expert, or other services necessary for adequate representation may request them in an ex parte application.  Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with

a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

18 U.S.C. § 3006A(e)(1). However, the Court is not permitted to approve the expenditure of funds in excess of:

> $2,400, exclusive of reimbursement for expenses reasonably incurred, unless payment in excess of that limit is certified by the court, or by the United States magistrate judge if the services were rendered in connection with a case disposed of entirely before him, as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit.

18 U.S.C. § 3006A(e)(3).

At the hearing, the Court found Defendant unable to afford fees for expert services. However, at this point the Court is unable to ascertain whether the expert services requested, which exceed the maximum amount permitted by statute, are necessary for adequate representation of Defendant. *See United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978) (stating "a defendant must show specifically the reasons why the services are necessary"); *see also United States v. Gossett*, 877 F.2d 901, 904 (11th Cir. 1989) (per curiam) (finding that "the district court did not abuse its discretion in refusing [defendant's] request for additional funds" because he "failed to establish a need for additional funds").

Thus, the Motion is due to be denied without prejudice to filing a proper motion *ex parte*, which must include sufficient detail for the Court to determine that "the services are necessary" and that payment in excess of the statutory limit is

"necessary to provide fair compensation for services of an unusual character or duration." 18 U.S.C. § 3006A(e)(1) & (3); *see also United States v. Wilson*, 2008 WL 2567040, *1 (S.D. Ga. June 26, 2008). Defendant should also indicate the expert's hourly rate and the number of hours to be expended as well as a description of services that will be performed. At that time, the Court will consider whether the matter should be certified to the Eleventh Circuit Court of Appeals to secure approval for payment of any sum above the statutory maximum. The Court may schedule an *ex parte* hearing if necessary.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 66**) is **DENIED without prejudice** to filing a proper application *ex parte* in accordance with the directives in this Order.

**DONE AND ORDERED** at Jacksonville, Florida, on February 25, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:
Counsel of Record

3